**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MISAEL GUZMAN, #1104975,** )<br>　　　　**Petitioner,** )<br>) | |
| **v.** ) | **3:05-CV-0954-L** |
| ) | |
| **DOUGLAS DRETKE, Director, Texas** )<br>**Department of Criminal Justice,** )<br>**Correctional Institutions Division,** )<br>　　　　**Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Byrd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. (See Letter received Aug. 12, 2005, informing court of new address and requesting status of case, attached to letter response from Court Clerk docketed on Aug. 23, 2005). Respondent is the Director of TDCJ-CID. The court has not issued process in this case, pending preliminary screening of the habeas petition.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated assault of a public servant in the 204th Judicial District Court of Dallas County, Texas, in Cause No. F01-51272-Q. Punishment was assessed at seven years imprisonment. The Eighth District Court of Appeals affirmed the judgment of conviction and sentence. State v. Guzman, No. 08-02-00290-CR (Tex. App. May 29, 2003, pet. ref.).

In this federal petition, filed on May 9, 2005, Petitioner challenges the sufficiency of the evidence on which his conviction was predicated.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). The district court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively

---

[1] For purposes of this recommendation, the petition is deemed filed on May 5, 2005, the date Petitioner certifies placing it in the prison mail. (Pet. at 9). See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on March 4, 2004, the last day on which he could have filed a petition for writ of certiorari in the United States Supreme Court from the December 5, 2003 order denying his petition for rehearing. See Sup. Ct. R. 13; Clay v. United States, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072, 1077 n. 3, 155 L.Ed.2d 88 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000); United States v. Thomas, 203 F.3d 350, 354-355 (5th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). The limitation period began to run on March 5, 2004, the day after his conviction became final, see Flanagan, 154 F.3d at 202, and expired one year later on March 4, 2005. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner did not file a

3

state habeas pursuant to art. 11.07, Texas Code of Criminal Procedure, during the one-year limitation period.  Flanagan, 154 F.3d at 202.  The federal petition, filed on May 5, 2005, sixty-two days after the expiration of the one-year period, is clearly time barred.

In order to allow Petitioner to demonstrate that the one-year period should be equitably tolled, see Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999), the court filed an order on July 15, 2005, directing him to show cause within thirty days why his petition should not be dismissed as time barred.  Although he did not respond to the court's order he recently submitted a letter advising the court that he was now confined at the Byrd Unit, and that he would be released shortly. (See Letter received Aug. 12, 2005, attached to letter response from Court Clerk docketed on Aug. 23, 2005).  The letter further informed the court that Petitioner did not understand the substance of its previous order – i.e., the order to show cause – and that he requested an explanation in Spanish.  By letter dated August 19, 2005, the court clerk informed Petitioner that the court was unable to provide a response in Spanish.

Nevertheless, Petitioner's pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).  Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity."  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).  Petitioner did nothing throughout the

4

one-year period; he filed neither a state habeas application nor a federal habeas petition. Following the expiration of the one-year period, Petitioner waited an additional two months days before submitting this federal petition. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner Misael Guzman, #1104975, TDCJ Byrd Unit, P.O. Box 100, Huntsville, Texas 77342-0100.

Signed this 1st day of September, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.