IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MISAEL GUZMAN, # 1104975, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 3:05-CV-954-L |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is *pro se* habeas Petitioner Misael Guzman's Rule 60(b) Motion, filed October 5, 2005. By his motion, Petitioner Misael Guzman ("Petitioner") moves the court to reopen this closed case so that he may file untimely objections to the magistrate judge's September 1, 2005 Findings, Conclusions and Recommendation. Having considered the motion, the record and applicable law, the court **denies** Petitioner's Rule 60(b) Motion.

**I.     Factual and Procedural Background**

Petitioner is currently incarcerated in the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutional Division ("TDCJ-CID") in Beeville, Texas. *See* Pet. Mot. at 2, 5. Petitioner is serving a seven-year sentence based on his April 19, 2002 conviction by a Dallas County jury of aggravated assault of a public servant. On May 29, 2003, the judgment of conviction and sentence were affirmed by the Fifth District Court of Appeals. On December 5, 2003, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.

**Memorandum Opinion and Order – Page 1**

The time for filing a petition for certiorari in the United States Supreme Court expired on March 4, 2004, ninety days from the order denying his petition for discretionary review.

Petitioner filed a *pro se* petition for writ of habeas corpus in federal court on May 9, 2005, at which time he was incarcerated at the Hodge Unit of the TDCJ-CID in Rusk, Texas. On September 1, 2005, the magistrate judge filed his Report, recommending dismissal with prejudice of Petitioner's habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2254(d).[1] AEDPA provides in relevant part that the one-year limitations period for inmates seeking relief under 28 U.S.C. § 2254 shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Finding that Petitioner had failed to allege any facts bringing his claims within the purview of the factors set forth in § 2244(d)(1)(B) or (C), under § 2254(d)(1)(D), the magistrate judge

---

[1] In order to give Petitioner a chance to demonstrate reasons why his petition should not be dismissed as time-barred under the one-year AEDPA limitations period, the magistrate judge mailed Petitioner an order to show cause why his petition should not be dismissed as time-barred. *See* Report at 4. In response, Petitioner sent a letter generally inquiring as to the status of his case and requesting that the court send him everything in Spanish rather than English because of his poor English. On August 19, 2005, the clerk of court informed Petitioner by letter that the court was unable to provide a response in Spanish. *Id.*

**Memorandum Opinion and Order – Page 2**

determined that the facts supporting the claims raised in the petition for habeas relief became known or could have become known prior to the Petitioner's state judgment of conviction became final. The magistrate judge, therefore, calculated the one-year statute of limitations under § 2254(d)(1)(A), namely from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Under § 2254(d)(1)(A), the magistrate judge found that Petitioner's conviction became final for purposes of the one-year statute of limitations on March 4, 2004, the expiration of the ninety-day period for him to file for certiorari review from the denial of his petition for discretionary review by the Texas Court of Criminal Appeals. *See* Sup. Ct. R. 13; *see generally Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (finality under 28 U.S.C. § 2244(d) determined by date when time for filing further appeals expires). The magistrate judge therefore calculated the one-year period as beginning to run on March 5, 2004, the date after his conviction became final. Absent any tolling, the one-year limitations period for filing his habeas corpus petition expired one year later, on March 4, 2005. Although the magistrate judge *sua sponte* raised the issue of whether Petitioner's statute of limitations should be equitably tolled, he found that Petitioner had failed to show that he was entitled to equitable tolling, as he waited until sixty-two days after the expiration of the one-year period to file his federal habeas petition.

Petitioner did not file objections to the Report. On September 23, 2005, after carefully considering the Report, the record and applicable authority, this court issued an order and judgment, accepting the Report, denying Petitioner's habeas claims, and dismissing Petitioner's claims with prejudice as time-barred. On September 27, 2005, Petitioner filed his Rule 60(b) motion.

**Memorandum Opinion and Order – Page 3**

**II.    Analysis**

    **A.    Legal Standard**

Rule 60(b) permits relief from a judgment on the grounds of:

> (1) mistake; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) void judgment; (5) when the judgment is fully satisfied or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1)-(6). Although the rule does not specify the factors that justify relief, the Supreme Court has held that district courts may "vacate judgments whenever such action is appropriate to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988); *see Seven Elves, Inc. v. Eskenazki*, 635 F.2d 396, 401 (5th Cir.1981). Despite this broad authority, Rule 60(b) should only be applied in "extraordinary circumstances." *Liljeberg*, 486 U.S. at 864. In the present case, Petitioner seeks relief under Rule 60(b)(1) and 60(b)(6).

    **B.    Petitioner's Rule 60(b) Motion**

In his Rule 60(b) motion, Petitioner requests that the court: (1) reopen this case to allow him to file untimely objections to the Report, and (2) consider his objections, and ultimately determine that his petition should not be dismissed as time-barred.

Having considered Petitioner's motion, as well as the Magistrate's Report, the record and applicable law, the court determines that Petitioner's motion should be denied. Reopening this closed case to allow Petitioner to file untimely objections would be an exercise in futility, as the objections, even if sustained, would have no impact on the magistrate's finding that Petitioner's habeas petition is time-barred under AEDPA.[2] Specifically, in his untimely objections, Petitioner

---

[2] Petitioner contends that his failure to file timely objections is excusable, as such failure was caused by his numerous transfers within the TDCJ-CID during the relevant time period, numerous lock-downs, and lack of meaningful access to the law library, particularly in light of his inability to speak, read or write English.

**Memorandum Opinion and Order – Page 4**

*for the first time* (notwithstanding previous opportunities to explain to the magistrate judge why his habeas petition was not time-barred under AEDPA) contends that the limitations period should be calculated under § 2244(d)(1)(B), under which the limitations period would begin to run on:

> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the Untied States is removed, if the applicant is prevented from filing by such state action.

The state-created impediment exception requires a prisoner to show that: (1) he was prevented from filing a petition (2) by state action (3) in violation of the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

As his state-created impediment, Petitioner argues that the unavailability of AEDPA in Spanish or any notice regarding AEDPA or its filing requirements to Spanish-speaking inmates by the TDCJ-CID, constituted state action that prevented him from pursuing habeas relief in violation of his fundamental constitutional right of access to the courts. *See* Pet. Obj. at 2 (citing *Bounds v. Smith*, 430 U.S. 817(1977)). As a threshold matter, the court examines Petitioner's arguments under the general right of access to the courts. Right of access to the courts "is founded on the due process clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). "However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents." *Swaissi v. Cotten*, 2002 WL 492905 at *2 (N.D. Tex. March 28, 2002) (Fitzwater, J.) (and cases cited therein). Plaintiff has failed to explain how the lack of AEDPA in Spanish or notice of AEDPA in Spanish interfered with his right of access to the courts. Rather, he is contending more generally that he is ignorant of the law because his native tongue is not English, but Spanish. This vague allegation is insufficient to state a constitutional violation. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (to state a cognizable constitutional claim

for denial of access to the courts, inmate must demonstrate that inadequate prison library hindered efforts to pursue an actual legal claim).  Further, the court notes that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 and n. 13 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (and cases cited therein); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

Moreover, Petitioner acknowledges in his Rule 60(b) motion that the law library at the Hodge Unit likely contained a copy of AEDPA in English, and that he had access to it.  While the complete unavailability of AEDPA in a prison law library (resulting in total lack of awareness of AEDPA's limitations period) may under some circumstances constitute a state-created impediment under § 2244(d)(1)(B), *see Egerton*, 334 F.3d at 437, Petitioner does not dispute that AEDPA was available in English at the Hodge Unit where Petitioner was incarcerated at the time he filed his habeas petition.  That AEDPA was not available in Petitioner's native tongue is of no legal moment, as the right of access to the courts does not provide a constitutional right for every incarcerated inmate to have access to the laws in his or her own native language.  Equally problematic, Petitioner filed his habeas petition while incarcerated at the Hodge Unit during the very time he alleges that the TDCJ-CID created an impediment to his filing.  Obviously any such "impediment" did not prevent Petitioner from filing a petition, rendering section 2244(d)(1)(B) unavailable to Petitioner. *See Felder v. Johnson*, 204 F.3d 168, 171 n. 9 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) (where a petitioner filed his habeas petition prior to the date he alleges the state-created impediment was removed giving him access to AEDPA, section 2244(d)(1)(B) is unavailable); *see also Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (inadequate law

library does not constitute a "rare and exceptional circumstance" warranting equitable tolling) (citation omitted).

### III.   Conclusion

For the reasons stated herein, the court **denies** Petitioner Misael Guzman's Rule 60(b) Motion.

**It is so ordered** this 4th day of January, 2006.

 

_____
Sam A. Lindsay
United States District Judge